UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

―――――――――――――――――――――――x
IN RE: RITE AID CORPORATION           :  MDL-1360
SECURITIES LITIGATION                  :  Master File No. 99-CV-1349 (SD)
                                       :
This Document Relates to:              :  CLASS ACTION
  ALL ACTIONS                          :
―――――――――――――――――――――――x

## MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS

**PLEASE TAKE NOTICE,** that, upon the annexed affidavits of D. Lee Janvrin, of Gilardi & Co. LLC, the Claims Administrator, and William C. Fredericks of Milberg Weiss Bershad Hynes & Lerach LLP, one of Plaintiffs' Co-Lead Counsel, and the exhibits thereto and upon all prior proceedings herein, the undersigned hereby move this Court for an Order pursuant to Rule 23(e) of the Federal Rules of Civil Procedure (i) approving the administrative determinations of Gilardi & Co. LLC accepting and rejecting claims submitted herein; (ii) directing payment of $2,312,700 out of the Settlement Funds to Gilardi & Co. LLC for the balance of its fees and expenses in connection with giving notices to the Class and Rite Aid shareholders, preparing the tax returns for the Settlement Funds, processing the Proofs of Claim, and distributing the Net Settlement Funds to the Authorized Claimants; (iii) directing distribution of the Net Settlement Funds, after deduction of the payments requested herein, to Class Members whose Proofs of Claim have been accepted; and (iv) for such other and further relief as this Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order in the form of the proposed Order Re: Distribution of Class Settlement Funds annexed hereto as Exhibit A.

Dated: Philadelphia, Pennsylvania
       November 5, 2003

BERGER & MONTAGUE, P.C.

By: /s/ Robin Switzenbaum
Sherrie R. Savett
Robin Switzenbaum
1622 Locust Street
Philadelphia, Pennsylvania 19103
(215) 875-3000

Plaintiffs' Co-Lead Counsel

MILBERG WEISS BERSHAD
HYNES & LERACH LLP
David J. Bershad
William C. Fredericks
One Pennsylvania Plaza
New York, New York 10119-0165
(212) 594-5300

Plaintiffs' Co-Lead Counsel

TO: Alan J. Davis, Esq.
William A. Slaughter, Esq.
**BALLARD SPAHR ANDREWS & INGERSOLL, LLP**
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103-7599
(215) 665-8500

**Counsel for the Rite Aid Settling Defendants**

John W. Frazier IV, Esq.
John E. Caruso, Esq.
**MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP**
123 South Broad Street
Philadelphia, Pennsylvania 19109
(215) 772-1500

**Counsel for Defendant KPMG LLP**

2

PAGE 2/2 * RCVD AT 11/5/2003 1:16:21 PM [Eastern Standard Time] * SVR:NYRFAX01/0 * DNIS:1229 * CSID:215 875 4604 * DURATION (mm-ss):01-10

Richard Posen, Esq.
Richard L. Klein, Esq.
John R. Oller, Esq.
**WILLKIE FARR & GALLAGHER**
787 Seventh Avenue
New York, New York  10019
(212) 728-8000

**Counsel for Defendant KPMG LLP**

Andrew Weissman, Esq.
**WILMER CUTLER & PICKERING**
2445 M Street, N.W.
Washington, DC  20037-1420
(202) 663-6000

**Counsel for Defendant Martin L. Grass**

David M. Howard, Esq.
**DECHERT PRICE & RHOADS**
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, Pennsylvania  19103-2793
(215) 994-4000

**Counsel for Defendant Timothy J. Noonan**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------x
IN RE: RITE AID CORPORATION        :   MDL-1360
SECURITIES LITIGATION              :   Master File No. 99-CV-1349 (SD)
                                   :
This Document Relates to:          :   CLASS ACTION
  ALL ACTIONS                      :
---------------------------------------------------------x

## ORDER RE: DISTRIBUTION OF CLASS SETTLEMENT FUNDS

**WHEREAS**, on August 16, 2001, this Court entered a Revised Order and Final Judgment Re: Rite Aid Settling Defendants approving the terms of the Stipulation and Agreement of Settlement with Rite Aid Settling Defendants dated December 18, 2000 (the "Class Stipulation with Rite Aid Settling Defendants") in the above-referenced class actions; and

**WHEREAS**, appeals of this Court's Revised Order and Final Judgment Re: Rite Aid Settling Defendants were withdrawn and dismissed on June 12, 2003, and the Effective Date of the Class Stipulation with Rite Aid Settling Defendants has now occurred; and

**WHEREAS**, on June 9, 2003, this Court entered an Order and Final Judgment Approving KPMG Stipulation approving the terms of the Stipulation and Agreement of Settlement with KPMG LLP (the "KPMG Stipulation") in the above-referenced class actions; and

**WHEREAS**, on June 9, 2003, this Court entered an Order and Final Judgment Approving Grass Stipulation approving the terms of the Stipulation and Agreement of Settlement with Martin L. Grass (the "Grass Stipulation") in the above-referenced class actions; and

**WHEREAS**, on June 9, 2003, this Court entered an Order and Final Judgment Approving Noonan Stipulation approving the terms of the Stipulation and Agreement of Settlement with Timothy J. Noonan (the "Noonan Stipulation") (collectively with the Class

Stipulation with Rite Aid Settling Defendants, the KPMG Stipulation, and the Grass Stipulation, the "Stipulations") in the above-referenced class actions; and

**WHEREAS**, this Court has directed the parties to consummate the terms of the Stipulations; and

**WHEREAS**, this Court has retained jurisdiction of these Actions for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlements and the processing of Proofs of Claim and the distribution of the Net Settlement Funds to the Authorized Claimants.

**NOW, THEREFORE**, upon reading and filing the affidavit of D. Lee Janvrin of Gilardi & Co. LLC, the Claims Administrator, the affidavit of William C. Fredericks of Milberg Weiss Bershad Hynes & Lerach LLP, one of Plaintiffs' Co-Lead Counsel, and upon all prior proceedings heretofore had herein and after due deliberation, it is hereby

**ORDERED**, that the administrative determinations of the Claims Administrator accepting the claims as indicated on the computer printout of accepted claims submitted with and described in the Affidavit of D. Lee Janvrin, including claims submitted after June 30, 2003 up until October 14, 2003, be and the same hereby are approved, and said claims are hereby accepted; and it is further

**ORDERED**, that the administrative determinations of the Claims Administrator rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in the Affidavit of D. Lee Janvrin be and the same hereby are approved, and said claims are hereby rejected; and it is further

**ORDERED**, that Gilardi & Co. LLC be paid the sum of $2,312,700 from the Settlement Funds for the balance of its fees and in reimbursement of its expenses incurred and to be incurred in connection with giving notices to the Class and Rite Aid shareholders, preparing the tax

returns for the Settlement Funds, processing the Proofs of Claim, and distributing the Net Settlement Funds to the Authorized Claimants; and it is further

**ORDERED**, that the balances of the Settlement Funds from the Settlements with the Rite Aid Settling Defendants, KPMG, Martin L. Grass, and Timothy J. Noonan, after deducting the payments previously allowed and set forth herein (the "Net Settlement Funds"), shall be distributed to the eligible claimants listed on the computer printout submitted with the Affidavit of D. Lee Janvrin in proportion to the Recognized Loss allocable to each such eligible claimant as shown on such printout; and it is further

**ORDERED**, that the checks for distribution to the accepted claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Plaintiffs' Co-Lead Counsel and the Claims Administrator are authorized to take appropriate action to locate and or contact any eligible claimant who has not cashed his, her or its check within said time; and it is further

**ORDERED**, that the costs of such services to locate and reissue checks to such claimants shall be payable from the unclaimed/uncashed monies remaining in the Net Settlement Funds; and it is further

**ORDERED**, that, as provided in the Plan of Allocation previously approved by the Court, after one year after the initial distribution of the Net Settlement Funds to eligible claimants, and after appropriate efforts have been made to have the eligible claimants cash their checks, Plaintiffs' Counsel are authorized to distribute any funds remaining in the Net Settlement Fund by reason of returned or unpaid checks or otherwise, to eligible claimants who have cashed their checks, provided that they would receive at least $10.00 on such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Funds for such re-distribution. If after six months after such re-distribution any funds shall remain in the Net

Settlement Funds, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Co-Lead Counsel and not affiliated with Plaintiffs' Counsel; and it is further

**ORDERED**, that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Funds or the Net Settlement Funds are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Funds are barred from making any further claim against the Net Settlement Funds or the released persons beyond the amount allocated to them pursuant to this Order, and it is further

**ORDERED**, that the Claims Administrator is hereby authorized to discard paper or hard copies of the Proof of Claim forms and supporting documents not less than one year after the initial distribution of the Net Settlement Fund to the eligible claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the eligible claimants; and it is further

**ORDERED**, that this Court retain jurisdiction over any further application or matter which may arise in connection with this action; and it is further

**ORDERED**, that no claim submitted after October 14, 2003 may be accepted for any reason whatsoever.

Dated:     Philadelphia, Pennsylvania
           _____, 2003

                                              **BY THE COURT:**

                                              _____
                                              Honorable Stewart Dalzell
                                              United States District Judge