UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------x
IN RE: RITE AID CORPORATION        :   MDL-1360
SECURITIES LITIGATION              :   Master File No. 99-CV-1349 (SD)
                                   :
This Document Relates to:          :   CLASS ACTION
  ALL ACTIONS                      :
---------------------------------------------------------x

## AFFIDAVIT OF WILLIAM C. FREDERICKS
## IN SUPPORT OF MOTION FOR
## DISTRIBUTION OF CLASS SETTLEMENT FUNDS AND OTHER RELIEF

STATE OF NEW YORK    )
                     ) SS
COUNTY OF NEW YORK   )

WILLIAM C. FREDERICKS, being first duly sworn, deposes and says:

1. I am a member of the firm of Milberg Weiss Bershad Hynes & Lerach LLP, Co-Lead Counsel for Plaintiffs in the above-referenced class action (the "Federal Class Action"). Settlements of the Federal Class Action with (i) the Rite Aid Defendants, (ii) KPMG, (iii) Martin L. Grass, and (iv) Timothy J. Noonan produced Settlement Funds which are to be distributed to Class Members who have submitted acceptable Proof of Claim forms. I make this affidavit in support of Plaintiffs' motion for an order pursuant to Rule 23(e) of the Federal Rules of Civil Procedure (i) approving the administrative determinations of the Claims Administrator, Gilardi & Co. LLC, accepting and rejecting claims submitted herein; (ii) directing payment of $2,312,700 out of the Settlement Funds to Gilardi & Co. LLC for the balance of its fees and expenses in connection with giving notice to the Class and to Rite Aid shareholders, the processing of the Proof of Claim forms submitted, and administering the Settlements and the taxation and distribution of the Settlement Funds; and (iii) directing distribution of the Net

Settlement Funds, after the deduction of the payments requested herein, to Class Members whose Proofs of Claim have been accepted.

2. Pursuant to orders of this Court dated December 19, 2000, March 13, 2003, and April 8, 2003, this Action was certified to proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for the purposes of the settlements described herein. The Class was defined as all persons who purchased[1] Rite Aid securities[2] on the open market during the period from May 2, 1997 through November 10, 1999, inclusive and who suffered damages thereby. All such persons are hereinafter referred to as "Class Members" or the "Class." Excluded from the Class are Defendants in the Federal Class Action, <u>Laborers Local 1298 Annuity Fund, derivatively on behalf of Rite Aid Corporation</u>, United States District Court, E.D. Pa., File No. 99-2493 (consolidated with case numbered:99-5335) (the "Federal Derivative Action"), and <u>In Re: Rite Aid Corporation Derivative Litigation vs. Alex Grass, Rite Aid Corp. et al.</u>, Delaware Court of Chancery, CA-17440 (consolidated with cases numbered: 17471, 17489 and 17494) (the "Delaware Derivative Action") (collectively, the "Actions"), members of the immediate families (parents, siblings and children) of each of the individual Defendants, any person, firm, trust, corporation, entity in which any Defendant has a controlling interest, the officers, directors, parents, subsidiaries and affiliates of any corporate Defendant, the partners and principals of any partnership defendant, and the legal representatives, heirs, successors in

---

[1]  A sale or writing of a Put Option on Rite Aid common stock shall be deemed to be a purchase of Rite Aid securities for purposes of the Settlement.

[2]  "Rite Aid securities" includes common stock, Call Options on Rite Aid common stock, Put Options on Rite Aid common stock, and the following Rite Aid Notes: 5¼% Notes due 09/15/02, issued 9/10/97; 6.7% Notes due 12/15/01 issued 12/20/96; 6-☐% Notes due 08/15/13 issued 08/23/93; 7-☐% Notes due 01/15/07 issued 12/20/96; 7-☐% Notes due 04/15/05 issued 04/20/95; 7.7% Notes due 02/15/27 issued 12/20/96; 5.5% Notes due 12/15/00 issued 12/21/98; 6.0% Notes due 10/1/03 issued 9/22/98; 6.0% Notes due 12/15/05 issued 12/21/98; 6.125% Notes due 12/15/08 issued 12/21/98; 6.875% Notes due 12/15/28 issued 12/21/98.

interest or assigns of any such excluded party. Also excluded from the Class are the putative Class Members who excluded themselves by filing a request for exclusion in accordance with the requirements set forth in the Notices, as listed in the Orders and Final Judgments of this Court approving each Settlement.

### ADMINISTRATIVE DETERMINATIONS ACCEPTING OR REJECTING CLAIMS

3. Under the terms of the Stipulation and Agreement of Settlement with Rite Aid Settling Defendants dated December 18, 2000 (the "Class Stipulation with Rite Aid Settling Defendants"), a Settlement Fund valued at approximately $200 million, including cash and securities, was established for the settlement of the class claims asserted against Rite Aid and its current and former directors as of December 18, 2000 (other than Martin L. Grass, Timothy J. Noonan and Frank M. Bergonzi) (collectively, the "Rite Aid Settling Defendants"). The securities were sold and the Settlement Fund is now all cash.

4. Under the terms of the Stipulation and Agreement of Settlement with KPMG dated March 10, 2003 (the "KPMG Stipulation"), a $125 million Settlement Fund was established for the settlement of the class claims asserted against KPMG LLP.

5. Under the terms of the Stipulation and Agreement of Settlement with Martin L. Grass dated April 7, 2003 (the "Grass Stipulation"), a $1,450,000 Settlement Fund was established for the settlement of the class claims asserted against Martin L. Grass.

6. Under the terms of the Stipulation and Agreement of Settlement with Timothy J. Noonan dated December 27, 2002 (the "Noonan Stipulation") , a Settlement Fund consisting of 53,279 shares of Rite Aid stock, which were sold for $157,453.60, was established for the settlement of the class claims asserted against Timothy J. Noonan.

3

7. The Settlement Fund from the Settlements with the Rite Aid Settling Defendants, KPMG, Martin L. Grass, and Timothy J. Noonan, after deducting the payments previously allowed and requested herein (the "Net Settlement Funds") are to be distributed to all eligible claimants whose claims have been accepted. The Net Settlement Funds are to be distributed to eligible claimants in proportion to the Recognized Losses attributable to all the eligible claimants.

8. Class Members were required to submit Proof of Claim forms to share in the distribution of the Net Settlement Funds. This Court has reserved jurisdiction with respect to the administration of the settlements, and the distribution of the Net Settlement Funds.

9. Plaintiffs retained the firm of Gilardi & Co. LLC to mail and publish notices to the Class and to Rite aid shareholders, to act as the Claims Administrator, to prepare the tax returns for the Settlement Funds, and to process the Proofs of Claim submitted and to assist in the distribution of the Net Settlement Funds. The processing procedures and the basis of the distribution are described in the affidavit of D. Lee Janvrin (the "Janvrin Affidavit"), filed simultaneously herewith. As shown therein, Gilardi & Co. LLC performed a thorough review of each claim submitted, and Plaintiffs respectfully request that this Court enter an Order approving the determinations of Gilardi & Co. LLC accepting and rejecting the claims submitted herein.

10. Approximately 1,185 claims were postmarked later than May 31, 2001, the submission deadline stated in the Notice of the Settlement with the Rite Aid Settling Defendants, including 462 claims submitted after the June 30, 2003 submission deadline stated in the Notice of the Settlements with KPMG, Grass, and Noonan. No claim has been rejected because it was received after the initial May 31, 2001 submission deadline or the later June 30, 2003 submission

4

deadline established with respect to the KPMG, Grass, and Noonan Settlements, and in view of the fact that no prior distribution could have been made because of the appeals that were filed with respect to the Revised Order and Final Judgment, we believe no delay has resulted from these later-submitted claims. It is our belief that when the equities are balanced, it would be unfair to prevent an otherwise valid claim from participating in the Net Settlement Funds solely because it was submitted after the cut-off date, when it was submitted while the claims were still being processed. Accordingly, it is respectfully requested that this Court approve the administrative determination not to reject claims submitted after the June 30, 2003 deadline because of lateness.

11. However, there must be a final cut-off after which no more claims may be accepted in order that there may be a proportional distribution of the Net Settlement Funds. Acceptance of any claim received after October 14, 2003, a date during the preparation of the motion for distribution, would necessarily require a delay in the distribution. Accordingly, it is also respectfully requested that an Order be entered that no claim submitted after October 14, 2003, be accepted for any reason whatsoever.

12. It is respectfully requested that the Court approve the administrative actions accepting and rejecting claims as set forth herein.

## FEES AND EXPENSES OF CLAIMS ADMINISTRATOR

13. Pursuant to the Stipulations, and as described to members of the Class in the "Notice of Pendency of Class Action, Hearing on Proposed Partial Settlement and Attorneys' Fee Petition and Right to Share in Settlement Fund" and the "Notice of Pendency of Class Action, Proposed Settlements with Defendants KPMG, Grass and Noonan, Dismissal of

5

Defendant Bergonzi, Hearing on Proposed Settlements and Attorneys' Fee Petition and Right to Share in Settlement Funds," Plaintiffs reserved the right to apply for a supplemental award of fees and expenses incurred in connection with the administration and distribution of the Settlements. In addition, in this Court's Revised Order and Final Judgment Re: Rite Aid Settling Defendants dated August 16, 2001, Order and Final Judgment Approving KPMG Stipulation entered June 9, 2003, Order and Final Judgment Approving Grass Stipulation entered June 9, 2003, and Order and Final Judgment Approving Noonan Stipulation entered June 9, 2003, the Court retained exclusive jurisdiction over the parties and the Class Members for all matters relating to the Actions, including the administration, interpretation, effectuation or enforcement of the Stipulations and the Orders and Final Judgments, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

14. Plaintiffs request that the Court authorize payment of $2,312,700 to Gilardi & Co. LLC in final payment of the balance of its fees and all its expenses (which total $3,212,700) for its services in mailing and publishing notices to the Class and to Rite Aid shareholders, processing the claims, preparing tax returns, administering the Settlements, and for distributing the Net Settlement Funds to accepted claimants, as requested in the Janvrin Affidavit.

15. Plaintiffs' Counsel are not requesting any additional attorneys' fees or expenses at this time.

## DISTRIBUTION OF NET SETTLEMENT FUNDS

16. It is also respectfully requested that the Court enter an Order authorizing distribution of the Net Settlement Funds to the Class Members whose claims have been accepted

as listed on the computer printout of accepted claims submitted with the Janvrin Affidavit in proportion to their Recognized Loss as shown therein.

17. In order to allow the final distribution of the Net Settlement Funds it is necessary to bar any further claims against the Net Settlement Funds and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Funds or the Net Settlement Funds be released and discharged from any and all claims arising out of such involvement beyond the amount allocated to them.

## DISPOSITION OF ANY UNCLAIMED/UNCASHED BALANCE

18. The Plan of Allocation for the Net Settlement Funds set forth in the Notices provides that if any funds remain in the Net Settlement Funds by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Funds cash their distribution checks, any balance remaining in the Net Settlement Funds one (1) year after the initial distribution of such funds shall be re-distributed to Class Members who have cashed their checks and who would receive at least $10.00 from such proportional re-distribution. If after six months following such re-distribution any funds shall still remain in the Net Settlement Funds, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Co-Lead Counsel and not affiliated with Plaintiffs' Counsel. The Court has previously approved the Plan of Allocation and directed Plaintiffs' Counsel and the Claims Administrator to administer the Stipulations in accordance with their terms and provisions.

19. It may be expected that not all of the 98,578 checks to be distributed to accepted Class Members will be cashed promptly. In order to encourage Class Members to promptly cash their checks and to avoid or reduce future expenses relating to unpaid checks, all the distribution checks will bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE."

## CONCLUSION

20. Wherefore it is respectfully submitted that this motion should be granted in all respects. A proposed form of Order reflecting the requests herein is annexed to the Motion as Exhibit A.

William C. Fredericks

Sworn to before me this 3rd
day of November, 2003

Notary Public

DAVID B. MANNO
Notary Public, State Of New York
No. 02MA6006233
Qualified In Queens County
Commission Expires April 27, 2006